UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ALVIN A. HUGHES,

                Plaintiff,

          - against -

DAISY B. SPRAUVE,

                Defendant.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

14 cv 4152 (BMC)

**COGAN**, District Judge.

This case is before me on plaintiff's motion for entry of a default judgment. Plaintiff has submitted insufficient proof of damages and the motion is therefore denied.

### BACKGROUND

This is the second incarnation of a diversity case alleging breach of an agreement to develop a parcel real property located in St. John, Virgin Islands which defendant owns. In the original case, bearing a similar caption (it included defendant's daughter as an additional defendant) under case number 08-cv-3368, plaintiff, who is defendant's nephew, contended that he and defendant had an agreement whereby he would develop the property into separate lots out of the goodness of his heart and only receive reimbursement of his out of pocket expenses (no profit) as each lot was sold. Plaintiff alleged that although he had invested over $400,000 out of pocket in developing the property, defendant had refused to pay him anything but $50,000, leaving $382,000 due and unpaid. That case settled on terms as to which I was not advised.

In the instant case, plaintiff's complaint alleges that under the settlement agreement reached in the prior action, defendant agreed to list three of the lots with a real estate broker

(described as lots 17G3, 17G6, and 17G8), and to accept any reasonable offer that equaled or exceeded the asking price or the first offer that was within $10,000 of the asking price. If no such offer materialized, according to the complaint, then defendant agreed under the settlement agreement to reduce the asking price by 5% and if that didn't do it, by another 2% every sixty days thereafter until a sale occurred. Upon a sale, the complaint further alleges, plaintiff would be paid $326,500 out of the sale proceeds. If a balance remained owing to plaintiff after the sale of the three lots, then defendant would have to market for sale one additional, unspecified lot on the same terms and conditions.

The complaint alleges two breaches of the settlement agreement. The first is that defendant failed to reduce the prices of the lots on time or at all. The second is that when defendant received an offer of $660,000 for five lots – described as lots 17G3, 4, 5, 6, and 8 – she refused to accept it or negotiate with the potential purchaser.

Defendant did not answer the complaint. Her daughter, who is not a party to this action (but, as noted, was a party in the prior action), filed an affirmation in support of her own motion to dismiss in which she asserted that her mother "lacks the capacity to litigate" due to mental incompetence. Defendant's daughter also filed a document entitled a "Special Appearance" in which she alleged that no settlement agreement was ever reached. I entered an Order striking those papers on the ground that the daughter is not a lawyer and cannot file pleadings for a party, and advising the daughter on how to obtain representation or a conservator or guardian for her mother if in fact defendant was not competent to defend. Neither the daughter nor defendant made any further submissions. The Clerk entered default, upon which plaintiff has moved for entry of default judgment in the amount of $326,500, plus interest and attorneys' fees.

**DISCUSSION**

In light of defendant's default, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

The evidence submitted on this motion is so inadequate that not only can I not grant it without an inquest, but I will not even hold an inquest as it is not at all clear that such evidence exists. First, plaintiff has failed to provide a copy of the settlement agreement. The settlement agreement is obviously the most important document in determining what damages are available for its breach. Second, the snippets of the agreement that plaintiff purports to summarize (not quote) do not establish any right to receive damages in the amount of $326,500. That number represents the most plaintiff could receive if everything under the settlement agreement had gone well for him, but there is no proof that it would have. That amount was contingent on buyers of the first three lots having paid enough to cover that amount, or, if they did not, a sale of one other lot. But as plaintiff acknowledges, none of these lots were ever sold.

3

It is axiomatic that a plaintiff cannot recover more damages in a breach of contract case than he would have received had the contract been performed.  See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 618 F.Supp.2d 280, 292 (S.D.N.Y. 2009).  To show that he was damaged – in any amount, let alone in the amount of $326,500 – plaintiff would have to prove that good faith sales efforts by defendant would have resulted in a sum sufficient to entitle him to that amount.  On this record, however, I do not know if such good faith efforts would have resulted in the lots being sold for $100 or $1 million.  There is no appraisal in the record, certified or otherwise.  There is nothing upon which I could base a finding that plaintiff was, in fact, damaged by defendant's inadequate sales efforts, rather than by a lack of value in the property.

The closest that plaintiff comes to addressing this burden is the allegation in the complaint that defendant rejected an offer of $660,000.  There are two problems with relying on that allegation.  First, although that allegation, when coupled with the allegation that defendant unreasonably refused to pursue the offer, is sufficient to establish liability, it cannot, as noted above, be taken as true for the purpose of establishing damages.  In this regard, plaintiff's motion contains no admissible evidence that this offer was ever in fact made.  Indeed, the motion for a default judgment does not even refer to it.

Second, even if plaintiff had submitted admissible evidence of the offer, it hardly would be conclusive to establish that defendant's breach resulted in a $326,500 loss to plaintiff. Unconsummated offers of real estate may give some indication of value, but when a party relies on a single offer without providing its terms or any facts of the surrounding circumstances (e.g., did the potential purchaser have the resources to close, and if not, how long did he have to acquire them), it is not a basis for making a factual finding in court.  See Beechwood Restorative

4

Care Ctr. v. Leeds, 856 F.Supp.2d 580, 597 (W.D.N.Y. 2012) ("Offers to buy and sell property may not be admissible as evidence of its fair market value. It depends on the specifics of each case.") (internal citations omitted); cf. Phelan v. Middle States Oil Corp., 220 F.2d 593, 605 (2d Cir. 1955) (holding that actual bid and asked stock prices may be taken as evidence of value).

Finally, in this regard, I note that even the unconsummated offer alleged in the complaint included more lots than those from which plaintiff had a right to recover. Thus, for example, if defendant had fulfilled her obligation to sell lots 3, 6 and 8 in the manner required by the alleged settlement agreement, and those lots had yielded minimal value insufficient to pay plaintiff, and then fulfilled her obligation to sell lot 4 in good faith and an appropriate manner, and it also yielded minimal value, then under plaintiff's description of the settlement agreement, defendant would have no obligation to pay plaintiff anything out of a later sale of lot 5. Yet by claiming $326,500 out of an unrealized offer of $660,000 for five lots, there is no indication which lot or lots would be the basis for any payment to plaintiff, as plaintiff only had the right to be paid out of, at most, four lots.

## CONCLUSION

Plaintiff's motion for a default judgment [13] is denied. Unless plaintiff refiles the motion with appropriate proof of damages within 14 days, the case will be dismissed for plaintiff's failure to prove that he suffered damages as a result of defendant's breach.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
November 24, 2014